UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| INTERSTATE NATIONAL DEALER SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> VERSA, LLC, d/b/a SAFEGUARD AUTO, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. |

## COMPLAINT

Plaintiff, Interstate National Dealer Services, Inc. ("Interstate"), by counsel, for its Complaint against Defendant, Versa, LLC, d/b/a Safeguard Auto ("Versa"), alleges as follows:

## PARTIES

1. Interstate is a company that administers vehicle service contracts ("VSC") and extended warranties relating to motor vehicles to customers throughout the United States.

2. Versa is a corporation based in St. Charles, Missouri that markets and sells VSCs on behalf of Interstate pursuant to a Direct Marketing Agreement entered into between Interstate and Versa.

## JURISDICTION AND VENUE

3. Interstate is a Delaware corporation with its principal place of business in Atlanta, Georgia. Thus, pursuant to 28 U.S.C.1332(c), Interstate is a citizen of Delaware and Georgia.

4. Versa is a Missouri limited liability corporation with its principle place of business in St. Charles, Missouri. On information and belief, Versa has one member, Jerome Williams, who is a citizen of Missouri. Thus, pursuant to 28 U.S.C. § 1332(c), Versa is a citizen of Missouri.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this action, as further described below, occurred in this District. Venue is also proper based on a contractual agreement between the parties.

## ALLEGATIONS COMMON TO ALL CLAIMS

7. The Direct Marketing Agreement is a written contract that was executed by Interstate and Versa on or about July 2, 2013 (the "Agreement"). A true and accurate copy of the Agreement is attached hereto as **Exhibit A**.

8. Subsequent to execution of the Agreement, in accordance with and furtherance of the Agreement, Versa sold VSCs to be administered by Interstate and collected premiums relating to such VSCs.

9. Among other obligations, the Agreement obligated Versa each month to remit to Interstate funds received for VSC business, including Net Marketer Costs.

10. Pursuant to the Paragraph 5 of the Agreement Versa had a fiduciary duty each month to remit all Net Marketer Costs relating to VSCs to Interstate.

11. Subsequent to execution of the Agreement, after Versa began marketing, writing, and selling Interstate VSCs, Versa collected premiums for the costs of such VSCs but failed to remit all appropriate funds, including Net Marketer Costs, relating to such VSCs to Interstate.

12. Interstate thereafter notified Versa that it improperly and in breach of the Agreement failed to remit all funds due as obligated by the Agreement.

13. To date, Versa has failed to remit all funds due as obligated by the Agreement.

14. Versa retains possession of funds due to Interstate for VSCs that Interstate must honor.

15. Interstate has fully performed its obligations pursuant to the Agreement.

16. All conditions precedent to the bringing of this action have been performed.

17. As of the filing of this Complaint, Versa continues to wrongfully retain possession and control of funds which are the rightful property of Interstate, without authority to do so from Interstate, in an amount exceeding $75,000.

## COUNT I
### (BREACH OF CONTRACT)

18. Plaintiff incorporates by reference and realleges all allegations of paragraphs 1 – 17 of this Complaint as if fully restated herein.

19. Versa has breached the Agreement by failing to remit to Interstate all funds due in accordance with the Agreement.

20. Interstate has incurred damages as a result of Versa's breach of the Agreement.

## COUNT II
## (BREACH OF FIDUCIARY DUTY)

21. Plaintiff incorporates by reference and realleges all allegations of paragraphs 1 – 20 of this Complaint as if fully restated herein.

22. The Agreement imposed upon Versa the fiduciary duty to remit to Interstate funds, including Net Marketer Costs, relating to Interstate VSCs written, marketed and sold by Versa.

23. Versa breached its fiduciary duties to Interstate by retaining for its own use and benefit funds owed to Interstate relating to Interstate VSCs written, marketed and sold by Versa.

24. Versa breached its fiduciary duties to Interstate by failing to remit to Interstate all appropriate funds, including Net Marketer Costs, owed to Interstate relating to Interstate VSCs written, marketed and sold by Versa.

25. Interstate has incurred damages as a result of Versa's breach of its fiduciary duty.

## COUNT III
## (ACCOUNTING)

26. Plaintiff incorporates by reference and realleges all allegations of paragraphs 1 – 25 of this Complaint as if fully restated herein.

27. Versa owes a fiduciary relationship to Interstate with respect to funds paid by customers for VSCs administered by Interstate.

28. Versa has not paid Interstate all funds due to Interstate from the sale of VSCs.

29. Pursuant to paragraph 19 of the Agreement, Interstate has a right to audit Versa's books, records, and related financial records relating to the Agreement.

30. Versa solely possesses the financial documents and records necessary to determine the amount of funds due to be remitted from Versa to Interstate.

31. Interstate is entitled to an accounting from Versa of the amount of funds due to be remitted from Versa to Interstate.

32. The amounts owing from Versa to Interstate cannot be determined by simple calculation in the absence of an accounting from Versa.

**WHEREFORE**, Plaintiff requests judgment in its favor and against Versa on each Count in this Complaint and the following relief:

  1) an accounting of all funds received and remitted by Versa relating to Interstate vehicle service contracts written, marketed and sold by Versa;

2)   compensatory damages and interest in an amount to be determined at trial;

3)   its costs and attorneys' fees in bringing this action; and

4)   all other relief that this Court may deem to be just and appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial on all issues raised or potentially raised by the pleadings as such or as may be amended.

This the 29th day of April, 2016.

**GOLDBERG SEGALLA, LLP**

By:   /s/John I. Malone, Jr.
       John I. Malone, Jr.
       G.A. Bar #: 812837
       800 Green Valley Road, Suite 302
       Greensboro, NC  27408
       Telephone:  (336) 419-4900
       Facsimile:  (336) 419-4950
       Email:      jmalone@goldbergsegalla.com
       *Attorney for Plaintiff*
       *Interstate National Dealer Services, Inc.*